```
┌─────────────────────────────────────────────────┐
│            NONPRECEDENTIAL DISPOSITION            │
│  To be cited only in accordance with Fed. R. App. P. 32.1  │
└─────────────────────────────────────────────────┘
```

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 31, 2016[*]
Decided November 2, 2016

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 16-2419

| | |
|---|---|
| RICKY J. KAWCZYNSKI, <br>     *Plaintiff-Appellant*, | Appeal from the United States District <br> Court for the Western District of Wisconsin. |
| *v.* | No. 15-cv-757-bbc |
| AMERICAN COLLEGE OF <br> CARDIOLOGY, et al., <br>     *Defendants-Appellees*. | Barbara B. Crabb, <br> *Judge*. |

**O R D E R**

Ricky Kawczynski asserts that cardiac patients often submit to treatment without receiving enough information from physicians to weigh the potential dangers and benefits. Explaining that he wants to remedy this perceived problem, Kawczynski brought this action under the diversity statute, 28 U.S.C. § 1332, claiming that the American College of Cardiology, the American College of Cardiology Foundation, and the president of the former have promulgated treatment guidelines which fail to require

---

[*] We have agreed unanimously to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

that cardiologists give patients clear "risk versus benefit data." Kawczynski posits that the defendants' failure to instruct doctors to provide this information violates Wisconsin statutes governing defective products, *see* WIS. STAT. § 895.047, and fraudulent drug advertising, *see id.* § 100.182. And, he alleges, the untimely deaths of two relatives who were undergoing cardiac treatment might have been avoided had they been given better information, since, Kawczynski says, "both family members likely would have chosen other treatment options with different outcomes." The district court dismissed the suit with prejudice, reasoning that neither of the Wisconsin statutes on which Kawczynski relies governs the associations or their treatment guidelines. And, the court added, Kawczynski could not sue on behalf of his deceased family members because he had not been appointed as the personal representative of either estate.

On appeal Kawczynski challenges the district court's conclusions, but we need not address his contentions because his lawsuit suffers from a more-fundamental flaw: He lacks standing to challenge the defendants' treatment guidelines. A plaintiff seeking to invoke federal jurisdiction must allege the violation of a legally protected interest that was caused by the defendants, rather than the independent actions of a third party not before the court, and is likely to be redressed through a legal victory. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *Johnson v. U.S. Office of Pers. Mgmt.*, 783 F.3d 655, 660–61 (7th Cir. 2015). Kawczynski has no legally protected right to dictate what information the defendants "direct" physicians to provide their patients; that Kawczynski himself is a cardiac patient does not mean that he has suffered the type of concrete, imminent injury necessary to establish standing. *See Lujan*, 504 U.S. at 563–64 (rejecting argument that environmental plaintiffs' desire to someday visit habitats of endangered species established concrete injury allowing challenge to development within those habitats). Nor does it suffice for Kawczynski to speculate that better information about risks and benefits might have saved his relatives' lives, since that assertion is purely conjectural. *See Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1148–50 (2013) (explaining that plaintiffs seeking to challenge government surveillance did not have standing to sue based on theory that "highly attenuated chain of possibilities" might someday make them targets). And even putting that aside, Kawczynski's theory—that the physicians treating his relatives failed to adequately warn them about treatment risks—hinges on the "independent action of some third party not before the court" and thus eliminates "a causal connection between the injury and the conduct complained of." *See Lujan*, 504 U.S. at 560; *see also Sierra Club v. Franklin Cnty. Power of Ill., LLC*, 546 F.3d 918, 926 (7th Cir. 2008) (concluding that environmental organization had standing to challenge construction of coal plant since member of organization actually used land threatened by expected pollution from plant). Accordingly, because

Kawczynski lacks standing, the district court lacked subject-matter jurisdiction to reach the merits of his lawsuit. The judgment is MODIFIED to reflect a dismissal for lack of jurisdiction and, as modified, is AFFIRMED.